IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Hazel Stoudemire, Jr., <br><br> Plaintiff, <br><br> v. <br><br> James K. Robertson, Cobourn & Saleeby LLP, Spartanburg County Clerk of Court, and N. Douglas Brannon, <br><br> Defendants. | C/A No. 7:18-2839-JFA <br><br><br> **ORDER** |

I.   **INTRODUCTION**

Plaintiff Hazel Stoudemire, Jr. ("Plaintiff"), proceeding *pro se*[1] and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 19, 2018 against Defendants James K. Robertson, Cobourn & Saleeby LLP, Spartanburg County Clerk of Court, and N. Douglas Brannon ("Defendants"). (ECF No. 1). Plaintiff also filed a Motion for Preliminary Injunction on November 9, 2018. (ECF No. 12). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this case was referred to a Magistrate Judge for Review.

The Magistrate Judge prepared a thorough Report and Recommendation ("Report")[2] and opines that this Court should dismiss Plaintiff's Complaint (ECF No. 1) with prejudice and without

---

[1] "*Pro se* complaints and pleadings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers." *Ally v. Yadkin Cty. Sheriff Dept.*, 698 F. App'x 141, 142 (4th Cir. 2017) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).
[2] The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo

1

issuance and service of process, count the dismissal as a strike pursuant to 28 U.S.C. § 1915(g)[3], and deny Plaintiff's Motion for Preliminary Injunction (ECF No. 12). (ECF No. 15 at 15). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. (ECF No. 15). The Magistrate Judge required Plaintiff to file objections by December 3, 2018 (ECF No. 15), Plaintiff filed his Objections on December 7, 2018 (ECF No. 18), and the Court accepted the late-filed Objections pursuant to the prisoner mailbox rule and Rule 6(d) of the Federal Rules of Civil Procedure ("FRCP").[4] Accordingly, this matter is ripe for review.

## II. LEGAL STANDARD

The district court is required to conduct a *de novo* review only of the specific portions of the Magistrate Judge's Report to which objections are made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *see also Carniewski v. W. Va. Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate Judge's Report, this Court is not required to give an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199

---

determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[3] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

[4] *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (discussing the prisoner mailbox rule, whereby the date of filing is the date on which a prisoner plaintiff places a document to be filed on the docket into the prison mail system). The postage stamp on the envelope in which Petitioners Objections were mailed indicates a date of December 4, 2018 (ECF No. 18-2 at 1), which is well within the 3-day extension afforded under Rule 6(d), FRCP, to items filed by mail. *See* Fed. R. Civ. P. 6(d).

(4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made specific written objections. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the Complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Where an objection is "nonspecific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate[s] . . . claims," the Court need not conduct any further review of that objection. *Field v. McMaster*, 663 F. Supp. 2d 449, 452 (D.S.C. 2009); *see also McNeil v. SC Dept. of Corrections*, No. 5:12-2880-MGL, 2013 WL 1102881, at *1 (D.S.C. Mar. 15, 2013) (finding petitioner's objections to be without merit where the objections

were "non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, and consist[ed] of a reassertion of the arguments" made in the petition); *Arbogast v. Spartanburg Cty.*, No. 07:11-cv-00198-GRA, 2011 WL 5827635, at *2 (D.S.C. Nov. 17, 2011) (finding that plaintiff's objections were not specific where the objections were "general and conclusory in that they merely reassert[ed] that his conviction was wrongful.").

## III. DISCUSSION

In the Report, the Magistrate Judge deciphers that, even though Plaintiff states that he seeks injunctive relief, the substance of his argument reveals he actually appears to bring claims of negligence against Defendants for damages. (ECF No. 15 at 12). Accordingly, the Report recommends that this Court dismiss Plaintiff's Complaint because it: 1) fails to state a § 1983 claim against the two court-appointed lawyers (and the Defendant law firm), as these parties were not "state actors" for purposes of § 1983; 2) sues the Clerk of Court (in official capacity), who is protected by Eleventh Amendment immunity; 3) sues the Clerk of Court (in individual capacity), who is protected by absolute quasi-judicial immunity; 4) fails to state a plausible claim for denial of a constitutional right (i.e. negligence claims are not actionable under § 1983); and 5) seeks relief that is not appropriate in this § 1983 action (i.e. Plaintiff should pursue normal state appellate procedures rather than filing a federal lawsuit for damages). (ECF No. 15 at 14-15). Ultimately, the Complaint "fails to state a claim on which relief may be granted" and "seeks monetary relief against a defendant who is immune from such relief," and therefore, is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B), and such dismissal should count as a strike for purposes of 28 U.S.C. § 1915(g). (ECF No. 15 at 15). Further, the Report recommends that this Court deny Plaintiff's Motion for Preliminary Injunction because it appears to request relief that is duplicative of the relief sought in the Complaint and because it fails to show that any of the

elements for issuance of a preliminary injunction are in his favor. (ECF No. 15 at 12-13). The Report concludes that Plaintiff's claims are legally baseless, and factual amendment would be futile. (ECF No. 15 at 150

In Response, Plaintiff's "Objections" merely reiterate his arguments. (ECF No. 18). He maintains that his court-appointed counsel and the Clerk of Court acted under color of state law for purposes of § 1983 liability because of their appointment by the state. (ECF No. 18). But as the Magistrate Judge already noted in the Report, even if Plaintiff's conclusory allegations are liberally construed as claims of ineffective assistance of counsel, this § 1983 action is not the proper vehicle for asserting them. (ECF No. 15 at 11). Such claims are properly brought in a petition for writ of habeas corpus after exhaustion of state remedies, and Plaintiff does not indicate he has availed himself of the available state appellate process. (ECF No. 15 at 11). Here, Plaintiff's Objections fail to "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano*, 687 F.2d at 47. As such, Plaintiff's Objections are not specific to the Report, and the Court may therefore adopt the Report without an explanation. *See McMaster*, 663 F. Supp. 2d at 452; *see also Norton*, 2007 WL 821181, at *1.

## IV.   CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Consequently, the Court adopts the Report (ECF No. 15). Therefore, Plaintiff's Complaint (ECF No. 1) is dismissed with prejudice and without issuance and service of process. Further, this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

Finally, Plaintiff's Motion for Preliminary Injunction (ECF No. 12) is denied.

IT IS SO ORDERED.

August 15, 2019
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge